By the Court. Oakley, C. J.
We are all of opinion that upon the facts 'proved upon the trial, the defendants are not chargeable with a violation of the provisions of the Act of 1839, and are, therefore, not liable for the penalty demanded.
It may be admitted that the bill or note of the Bank of Charleston was, in its term and purport, exactly such, as the Act describes, and its reception by the teller an offence against the provisions of the statute; still, unless his offence must, in judgment of law, be imputed to the defendants, this action cannot be maintained; and we are satisfied that such an imputation, in a case like the present, is not warranted by any law *248 that we are bound to administer. We are satisfied upon principle, and upon the authorities, that in order to charge the defendants, as an association, with a violation of the statute, subjecting them to the penalty it imposes, it was necessary to be shown that the teller, in receiving the bill of the Bank of Charleston, acted under an authority from the board of directors, or that his act was subsequently made known to and adopted by the board ; and not only was no such evidence given, but it was clearly proved, that there was neither a prior authority, nor a subsequent assent. The counsel for the plaintiff have indeed urged—and upon this argument rested their case—that no such authority or assent was necessary to be proved, since it clearly appears that the teller, in receiving the bill of the Bank of Charleston as a payment, acted within the general scope of his employment and duties. But we think that the argument of the learned counsel was a novel and unwarranted application of the rule, and of the decisions, upon which they relied. It is undoubtedly true, that in many cases a principal is responsible for the act of his agent, which, although an abuse or excess of the authority of the agent, was within the general scope of the business he was employed to transact; but this is only true between the principal and a third person who, believing, and having a right to believe, that the agent was acting within, and not exceeding or abusing, his authority, would sustain a loss, if the act were not considered as that of the principal. It is only true, where the sole question is, by which of two innocent parties a loss resulting from the fraud or misconduct of an agent ought to be borne ? It is plain, however, that no such question arises here. Here, the person who paid the bank bill in question knew that the teller violated his duty in receiving it; for we are just as much bound to impute to him a knowledge of the provisions of the statute as to the teller himself. And the person on whose behalf the bill was presented to the teller, so far from sustaining a loss, derived a benefit from its reception. The case before us, therefore, is not that of an innocent person, not chargeable with notice, actual or constructive, claiming an indemnity for an actual loss, and we repeat that it is to such cases only that the rule, holding the principal to be liable for the misconduct of his agent, has ever *249 been applied, or, in our judgment, can reasonably or justly be applied.
Ñor is this all. The reception, by the teller, of the bank bill, which seems to have been used to entrap the defendants into a violation of the statute, and render them liable to its penalties, was not an act within the general scope of his employment, or which those who dealt with him had any right so to consider. His employment and his duty was to receive payment, in money, of the bills and notes placed in his hands as teller. In the discharge of his duty he had no right to receive any thing but money, in the legal sense of the term, and á fortiori, no right to receive that which the Legislature had declared should in no case be considered as money. There is no room, therefore, for a presumption that he had any authority from the defendants to perform an unlawful act, and we hold it to be quite certain that the authority of an agent, however general, if capable of being executed in a lawful manner, is never to be extended by construction to acts prohibited by law, so as to render his innocent principal liable in a criminal action or prosecution, and it is needless to cite authorities to prove that an action for the recovery of a penalty is, in its, nature, a criminal action. It is, emphatically, an action in which, in order to establish the guilt of a defendant, his knowledge and approval of the commission of the act prohibited are necessary to be proved.
The verdict for the plaintiff must be set aside, and a verdict and judgment thereon be entered for the defendants.*

 The above was one of sixty suits brought by the same plaintiff against the Metropolitan Bank, for similar causes of action, and which seemed, from the evidence upon the trial, to be the result of a conspiracy to break down the institution.