## JOHN DOUGHERTY, Respondent, v. WELLS, FARGO & CO., Appellant.

GROUND FOR NON-SUIT MUST BE SPECIFICALLY STATED. Where a motion for non-suit was made in the district court upon a certain specified ground, and properly denied, so far as that ground was concerned : *Held*, that the motion could not be sustained in the Supreme Court upon a ground not suggested in the court below.

ACTION FOR MONEY HAD AND RECEIVED—GROUND OF NON-SUIT WAIVED IF NOT URGED AT PROPER TIME. Where, in an action against Wells, Fargo & Co., for money had and received, the testimony introduced by plaintiff showed that he had delivered to defendant's agent a certificate of deposit, with instructions to renew it, but instead of doing so the agent had procured it to be cashed, and appropriated the money to his own use ; and defendant moved for a non-suit on the ground that the action " could not be maintained for the loss of a certificate of deposit," which was denied ; *Held*, on appeal, that though a motion for non-suit might have been sustained on the ground that the action for money had and received would not lie for malfeasance of defendant's agent ; yet, no such ground having been taken, and a liability of defendant having been established, (though not upon contract as alleged) the judgment for plaintiff should not be disturbed.

ADMISSION OF OBJECTIONABLE EVIDENCE THAT COULD NOT PREJUDICE. Where, on appeal from a judgment for the recovery of money, the admission of parol proof of the contents of a certificate of deposit was assigned as error ; and it appeared that it was unnecessary for plaintiff to rely upon or prove the contents of the certificate, and that the admission of the evidence could therefore not prejudice defendant ; *Held*, no such error as would justify a reversal of the judgment.

No PRESUMPTION OF RECEPTION BY PRINCIPAL OF MONEY FRAUDULENTLY OBTAINED BY AGENT. There is no presumption of law that a principal receives money, which his agent obtains by a wrongful act of his own in no wise authorized or sanctioned by the principal.

UNAUTHORIZED ACTS OF AGENT NOT DONE AS AGENT. No one can be the agent of another in the doing of an act which is in no wise authorized by, or which may be done against the expressed wish of, the principal.

WHEN PRINCIPAL LIABLE FOR UNAUTHORIZED ACTS OF AGENT. Where, in an action against Wells, Fargo & Co., it appeared that plaintiff delivered an old certificate of deposit to the agent of the company, for the purpose of having it sent to San Francisco to be renewed ; and the agent fraudulently procured it to be cashed, and appropriated the money to his own use : *Held*, that Wells, Fargo & Co. were liable, not upon the rule that the agent acted for his principal in that particular transaction, but because he was employed by the company in that character of business, and held out by it as a person authorized and fully to be trusted.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

.It appears that the plaintiff, in 1865, held a certificate of deposit for $1,000, issued to him by Wells, Fargo & Co., at San Francisco, California. In 1869, he delivered it to J. W. Sweeney, Wells, Fargo & Co.'s agent at Shermantown, in White Pine County, with instructions to forward it by express to San Francisco, there to be renewed, and the renewed certificate to be returned to him at Shermantown, at the same time paying the charges. The agent, instead of renewing the certificate, obtained the money on it, and never returned either certificate or money. This action was commenced on February 14th, 1871. There was a verdict and judgment for plaintiff. A motion for a new trial having been overruled, defendant appealed.

*Thomas Wren,* for Appellant.

I. There is a fatal variance between the complaint and the proof. At the time defendant moved for a non-suit, plaintiff was apprized of the variance, and should have asked leave to amend his pleadings. Failing to do so, the court should have granted the non-suit.

II. The court erred in admitting the evidence in relation to the contents of the certificate of deposit — the evidence shows that the money had been paid upon the certificate. Having been paid by Wells, Fargo & Co. at San Francisco, the presumption was that it was in possession of that company; and proof of its contents was not admissible until after notice to the company to produce the original, and a failure upon its part to do so.

III. The court erred in refusing the instruction asked by defendant.

*Hawley & Darrow,* for Respondent.

I. Plaintiff can maintain this suit upon the "common count for money had and received." Defendant's counsel argued that the action should have been trover to recover the certificate of deposit or its value. But what difference could it make to defendant whether the action was in trover or for money had and received?

Cannot plaintiff in all cases like this waive the tort and bring his action in assumpsit for money had and received ? The action for money had and received is liberal and equitable in its character, and will be sustained in every case where it appears that in justice and equity defendant has received money of plaintiff, or money that plaintiff is entitled to, and which in equity and conscience defendant has no right to retain. 1 Selwyn Nisi Prius, 81 ; *Krutz* v. *Livingston*, 15 Cal. 347 ; *Eddy* v. *Smith*, 13 Wend. 490 ; *Mason* v. *Waite*, 17 Mass. 562 ; 6 Black, 318 ; 2 Ind. 292 ; 8 Ind. 254 ; 17 Johns. 132 ; 11 Johns. 468 ; 3 Sneed, (Tenn.) 454 ; 5 Black, 14 ; 27 Barb. 655 ; 5 Pick. 281 ; 1 Hill, 296 ; 5 Hill, 580 ; 12 Cal. 90 ; 13 Wend. 154 ; 37 Barb. 291 ; 2 Scam. 318 ; 12 Pick. 124.

II. It is a well settled rule of law (applicable to this case) that if one of two innocent persons must suffer loss by the act of a third, he who put it in the power of the third person to do such act should in a court of justice be compelled to sustain the loss occasioned by its commission.

III. If the certificate had not been converted into money, the defendant could and should (if in its possession) have produced it. And if it had been paid, what difference would it have been to the defendant whether the certificate was produced or not ?

IV. The instruction as worded was calculated to mislead the jury. If the lawfully authorized agent of defendant had received the money, plaintiff could recover without any proof that the agent had passed the money over to the corporation. To this extent the instruction was erroneous. In contemplation of law, the money collected by the agent would be in the possession of defendant, and in that sense the instruction would be correct. But it was evidently so worded as to convey the other idea, and was, therefore, properly refused.

By the Court, LEWIS, C. J.:

The first assignment of error in this case is founded upon the refusal of the court to non-suit the plaintiff, a motion to that end having been made " upon the ground that an action instituted for

Dougherty *v.* Wells, Fargo & Company.

money had and received would and could not be maintained for the loss of a certificate of deposit." This was the only ground suggested in support of the motion. But the proof did not show, or tend to show the loss of the certificate. It was by no one claimed that it had been lost, but only that the agent of the defendant had, in violation of his duty, procured it to be paid and appropriated the money to his own use; and thus the action was brought, not for the loss of the certificate, but rather for the money illegally. appropriated by the defendants' agent. As there was no intimation in the proof that the instrument had been lost, the non-suit would not have been warranted upon the ground upon which it was claimed; and as it was denied by the judge below, the appellant cannot be permitted to sustain his motion in this court upon a ground not there suggested. *Sharon* v. *Minnock*, 6 Nev. 377. Had the motion been made upon the ground that an action for money had and received could not be sustained, or would not lie for the malfeasance or tortious act of the agent, the motion might, perhaps, have been sustained. (But this was not suggested.) The liability of the defendant was, however, clearly proven, although not upon the ground of money that had been received by it for or from the defendant, as alleged in the complaint; but upon the ground that it is liable in a proper action for the malfeasance of its agents when acting within the general scope of their authority, as we will show hereafter. Thus, as a liability was established, although not upon contract, as alleged in the complaint, the verdict for the plaintiff cannot now be disturbed upon a ground not suggested at the time when advantage should have been taken of it, if at all.

The second assignment of error is, that the parol proof of the contents of the certificate should not have been received. If it were admitted that such evidence were improperly admitted, still in this case it cannot be held such error as will justify a reversal of the verdict, because it is quite manifest the defendant was not prej-. udiced by it. It was entirely unnecessary for the plaintiff to introduce evidence as to the contents of the certificate of deposit, for it was admitted by the agent of defendant, that he had received one thousand dollars on the instrument given to him by the plaintiff, and that he had appropriated it. This was sufficient without any

proof whatever of the character or contents of the paper delivered to the agent.   The certificate belonged to the plaintiff, and the agent received a thousand dollars upon it : of this there is no dispute whatever.   What mattered it then what might be the contents of the paper ?   None in the world.   What money was received for or upon it belonged to the plaintiff, whatever sum that might have been, or whatever might. have been the character of the paper; hence any proof as to its contents was utterly unnecessary, and could not therefore have prejudiced the defendant.   The testimony that the agent had admitted the receipt of the money on the certificate was not objected to, and the record does not show that his statements in this respect were not of the *res gestae*, and therefore admissible and competent evidence.   We must therefore presume that they were so.

The third assignment is that the court erred in refusing to give this instruction to the jury :   " Unless you find that the defendant received the money sued for in this action, the plaintiff cannot re- ·cover."   As matter of fact, it is not pretended that the money appropriated by its agent was ever received by the defendant. The evidence shows that the plaintiff had an old certificate of deposit issued by Wells, Fargo & Co., of San Francisco, which he wished to get renewed, and delivered it to the defendant's agent for the purpose of having it sent to San Francisco for renewal, paying the proper charges for its transmission.   The agent, however, instead of getting the certificate renewed, fraudulently procured it to be cashed, and appropriated the money to his own purposes. Now it is not pretended that under such state of, facts the defendant really received the money in question ; but it appears to be claimed that in contemplation of law it did, because it came to the hands of its agent in the course of his employment.   Upon this theory only can it be claimed that the money was ever received by the defendant, and upon this only can it be claimed ·that the instruction was correct in this particular case, as it is not pretended that the defendant actually received the money.   But it is not a presumption of law that the principal receives money which his agent obtains by a wrongful act of his own, in no wise authorized or sanctioned.   It is true, the principal is liable to third persons in

such case, but it is not because the agent acts for him in such transaction, or that he has received any benefit from the unauthorized act, or, as in this case, that he has received the money; for in many cases, where the agent does an unauthorized act, as was done here, the principal receives no benefit; nor can the law presume that he does, when the act of his agent is or may be in direct opposition to his wishes. In the particular act so done he is not in fact the agent of the principal, for no one can be the agent of another in the doing of an act which is in no wise authorized by, or which may indeed have been done against, his expressed wish.

It is not upon this ground that the principal is held liable for unauthorized acts done by an agent within the general scope of his authority. That he may be held in such case is undoubted. Storys say: "In the next place, as to the liability of the principal, to third persons, for the malfeasances, negligences, and torts of his agent. It is a general doctrine of law that, although the principal is not ordinarily liable (for he sometimes is) in a criminal suit, for the acts or misdeeds of his agent; unless, indeed, he has authorized or coöperated in those acts or misdeeds; yet he is held liable to third persons in a civil suit for the frauds, deceits, concealments, misrepresentations, torts, negligences, and other malfeasances, or misfeasances, and omissions of duty, of his agent, in the course of his employment, although the principal did not authorize, or justify, or participate in, or indeed know of such misconduct, or even if he forbade the acts or disapproved of them." Story on Agency, Sec. 452.

The liability, however, in such case arises not upon the rule that the agent acted for the principal in that particular transaction, but because he is employed by the principal in that character of business, and is so held out as a person authorized and fully to be trusted therein. When the agent in such case does an act which is apparently within the general scope of his authority, although not so in fact, if the principal were not held liable for the act, a third person, who had reason to believe that the agent was reliable, and possessed authority in the particular matter from the general character of his employment, might suffer loss; hence the law holds the principal liable upon the ground that he, rather than a third

person equally innocent, should suffer.   *Clark* v. *The Metropolitan Bank*, 3 Duer, 248, where it is said : " It is undoubtedly true that in many cases a principal is responsible for the act of his agent, which, although an abuse or excess of the authority of the agent, was within the general scope of the business he was employed to transact ; but it is only true between the principal and a third person who, believing and having a right to believe that an agent was acting within, and not exceeding or abusing his authority, would sustain a loss, if the act were not considered as that of the principal.   It is only true where the sole question is, by which of two innocent parties a loss resulting from the fraud or misconduct of an agent ought to be borne ?"

If the principal is held liable upon this ground rather than upon the ground that the agent was acting for him in the particular unauthorized act, (which is certainly the true reason) then it follows the instruction asked and refused was not correct as applied to the facts of the case ; for the defendant might be held liable, although it neither in fact nor in law received the money illegally appropriated by its agent.   It was for this reason properly refused.

Judgment and the order denying a new trial are affirmed.   It is so ordered.