[No. 2478]

## J. C. ROBERTSON, APPELLANT, *v.* C. O. D. GARAGE COMPANY (A CORPORATION), RESPONDENT.

[199 Pac. 356]

1. SALES—ONE WHO WRONGFULLY TAKES GOODS CANNOT CONVEY TITLE, EVEN TO INNOCENT PURCHASER.

    One who wrongfully takes goods without the owner's consent acquires no title thereby, and can convey none; so, as against even an innocent purchaser for value, the owner may pursue his property and retake it wherever found.

2. PRINCIPAL AND AGENT—AUTHORITY CAN BE IMPLIED ONLY FROM THE NATURE AND NEEDS OF THE BUSINESS, ETC.

    Authority of an agent can be implied only from the nature and needs of the business or the conduct of the principal, and it cannot be implied from mere argument or the convenience or propriety of the possession of such power by the agent.

3. PRINCIPAL AND AGENT—AGENT DIRECTED TO KEEP OPEN PLACE OF BUSINESS HELD TO HAVE NO AUTHORITY TO SELL AUTOMOBILES.

    Where plaintiff during his absence engaged an agent to keep open his place of business, but did not authorize him to make sales, that fact did not give the agent implied authority to take out an automobile and sell it for much less than its real value, and one purchasing from such agent, who required the check to be made out in his own name, cannot hold the car as against plaintiff on the theory of implied authority, for the sale cannot be deemed in the ordinary course of business.

4. PRINCIPAL AND AGENT—PRINCIPAL NOT LIABLE FOR AGENT'S INDIVIDUAL FRAUDS.

    While the principal is liable within defined limits for frauds perpetrated in his name by his agent, the principal cannot be made liable for individual frauds perpetrated by the agent on his own account; so, where one engaged by plaintiff merely to keep open his automobile sales agency wrongfully took a car and sold it for his own benefit, plaintiff cannot be held liable. .

5. APPEAL AND ERROR—WHERE CASE WAS TRIED ON THEORY OF AUTHORITY OF AGENT, ESTOPPEL CANNOT BE INVOKED ON APPEAL.

Where plaintiff's agent, who was merely authorized to keep open plaintiff's automobile sales agency, wrongfully took an automobile therefrom, and sold it for much less than its value, and departed with the money, plaintiff cannot, where judgment in a claim-and-delivery action was rendered against him on the theory of authority, express or implied, be defeated on appeal on the theory of estoppel, for the case should be disposed of on the same theory as below.

6. PRINCIPAL AND AGENT—STATEMENT THAT PLAINTIFF TRUSTED AGENT WILL NOT ESTABLISH AUTHORITY.

Where plaintiff left an agent to keep his place of business open, and such agent wrongfully took therefrom an automobile and sold it for much less than its actual value, a statement by plaintiff that he trusted the agent and that he had previously sold an automobile will not establish the agent's authority to make the sale.

7. ESTOPPEL — THOUGH PLAINTIFF LEFT AGENT TO KEEP OPEN BUSINESS, HE MAY RECOVER PROPERTY WRONGFULLY SOLD BY AGENT, DESPITE CLAIM HE PLACED IT WITHIN AGENT'S POWER TO MAKE SALE.

Where plaintiff left a third person to keep open his automobile agency during his temporary absence, and such person without authority sold an automobile for very much less than its value, and appropriated the proceeds, plaintiff cannot be defeated, in an action of claim and delivery against the purchaser, on the theory that, where one of two innocent persons must suffer, that one must bear the loss by whose act the loss was made possible, for plaintiff was in no sense responsible for the dishonesty of his agent.

APPEAL from First Judicial District Court, Douglas County; *Frank P. Langan,* Judge.

Action by J. C. Robertson against the C. O. D. Garage Company. From a judgment for defendant, plaintiff appeals. **Reversed and remanded.**

*Moore & McIntosh,* for Appellant:

Embezzlement by servant or agent entitles principal to recover. Rev. Laws, 6650–6654; Stats. 1915, p. 202; 31 Cyc. 1605–1607; Menardi v. Walker, 32 Nev. 169.

Plaintiff may recover the property or its value. 31 Cyc. 1607 (2) ; Velsian v. Lewis, 16 Pac. 631. It was the duty of defendant to ascertain the authority of the seller. Springer v. Bank, Ann. Cas. 1917A, 520.

The principal cannot be bound by representations made after the transaction. Harris v. Flume Co., 25 Pac. 758.

Agency cannot be shown by mere acts and declarations of the alleged agent. Defendant cannot rely upon the estoppel of plaintiff to deny the agent's authority, if it relied wholly upon the alleged declarations of the agent, and made no further inquiry. Bank v. Bertoli, Ann. Cas. 1917B, 590; 31 Cyc. 1244, 1652(c).

An agent is not a mere servant or caretaker, but one whose employment corresponds to that of some known kind of commercial representative, such as a factor. Levi v. Booth, 42 Am. Rep. 332; Turner v. Cross, 15 L. R. A. 262; Rodgers v. Peckham, 120 Cal. 238. A principal who merely entrusts another with possession and control of property necessary to the transaction of business is not estopped from asserting his title. 31 Cyc. 1235(1). Simply entrusting possession of property to an agent (even though he be such in fact) confers no authority on him to sell the same. Kohler v. Hays, 41 Cal. 455.

Title to property cannot be acquired, unless the alleged agent have some evidence of authority to sell, other than bare possession. 31 Cyc. 1352 (2), 1605(e) ; Velsian v. Lewis, supra.

As to payment to agent, in order to bind principal, collection must be made by one who is not only agent but who has been clothed with authority to make collection; payer must show that the person paid is authorized to receive payment; and payment to one whose agency is known, but whose authority to receive payment is not known, will not preclude the principal from recovery from debtor, when agent has failed to account to the principal. 31 Cyc. 1352, 1363, 1603; Dutcher v. Beckwith, 92 Am. Dec. 232; Lester v. Snyder, 55 Pac. 613.

*Platt & Sanford,* for Respondent:

Having been entrusted with plaintiff's business, the agent became general agent for the conduct of the same.

Wilson v. Monechas, 20 Pac. 468; 21 R. C. L. 819–907. Private understandings or arrangements did not alter the situation, so far as third parties are concerned. 1 Mechem on Agency, secs. 241, 247. The agent being clothed with an apparent ownership and authority to sell, defendant is protected in his purchase, even though the former subsequently embezzled the purchase money, or the plaintiff failed to receive the proceeds through said agent's fraud or misconduct. 35 Cyc. 363. The secret and undisclosed understanding between the agent and principal was not binding upon the purchaser. 1 Mechem on Agency, secs. 712, 730; Webster v. Wray, 17 Neb. 579; Van Duzer v. Howe, 21 N. Y. 531; Redlich v. Doll, 54 N. Y. 234; Carrard v. Hadden, 67 Pac. 82; Midland S. & L. Co. v. Sutton, 120 Pac. 1010; Pacific B. Co. v. Dugger, 67 Pac. 32; Browning v. McNear, 111 Pac. 541; Silver Mt. M. Co. v. Anderson, 117 Pac. 173.

Authority is not dependent upon proof of a conscious intention to confer it. It need not be expressly conferred, but is often presumed from acts and conduct of the principal. Mechem on Agency, secs. 241, 247. The authority of the agent is to be gathered from all of the facts and circumstances in evidence. 21 R. C. L. 819, 856; Jones on Evidence, sec. 256; Nicholas v. Title Co., 154 Pac. 391. The principal is bound by the apparent authority of the agent. Bradstreet Co. v. Gill, 72 Tex. 115; 35 Cyc. 363. Where the dealing or course of conduct of the principal is such as to reasonably warrant the presumption that a person was his agent and authorized to act in that capacity, such authority will be conclusively presumed to have been given, so far as necessary to protect innocent third parties. Secret and undisclosed understandings between principal and agent are not binding on third parties. Mechem on Agency, secs. 246, 712, 730; Midland S. & L. Co. v. Sutton, 120 Pac. 1010; Pacific B. Co. v. Dugger, 67 Pac. 32; Silver M. Co. v. Anderson, 117 Pac. 173; Browning v. McNear, 111 Pac. 541.

Failure to promptly repudiate acts is equivalent to an adoption and ratification. 21 R. C. L. 930. Where defense is based upon nonagency, testimony that principal treated with third party as agent in a prior transaction is admissible. Wigmore on Evidence, sec. 377.

Agent authorized to sell and deliver goods is impliedly authorized to receive payment. Authority may be inferred from conduct of parties. Mechem on Agency, sec. 865; 21 R. C. L. 867; Bull v. Duncan, 59 Pac. 42.

By the Court, SANDERS, C. J.:

This is an action under the statute of claim and delivery brought by the owner to recover the possession of an Overland automobile, alleged to have been stolen from him and from his place of business in the city of Reno, Nevada, on or about the 18th day of May, 1919. The defendant denied plaintiff's ownership and the theft of the automobile, disclaimed any knowledge of plaintiff's business, asserted that it purchased the automobile from the owner thereof in the ordinary course of trade for a valuable consideration, and demanded judgment that it be adjudged the owner and entitled to its possession. Referring to the parties as they stood in the court below, appellant as plaintiff, and respondent as defendant, and to the automobile in dispute as "demonstrator car," the facts, in brief, are as follows:

The plaintiff was the agent, within the meaning of the automobile trade, of the Willys-Knight Automobile Company for the sale of its cars in certain counties of Nevada, including Minden, Douglas County, with his place of business in Reno. The defendant was a general dealer in automobiles, and was the sales agent of the Ford, Chevrolet, and Buick cars, and operated, in connection with its business, a garage at Minden, Nevada, under the name and style of C. O. D. Garage Company, a corporation.

During the month of May, 1919, plaintiff desired to attend a convention of automobile dealers in San Francisco, and having no person in his employ to leave in

charge of his place of business, and desiring it to be kept open during his absence, one P. B. Zeigler, an acquaintance of several months' standing, and a person who had spent much time in and about plaintiff's place of business, and in whom plaintiff necessarily placed confidence and trust, volunteered, for plaintiff's accommodation, to keep his place of business open for him during his absence in attendance upon said convention. With this understanding, plaintiff departed for San Francisco, leaving said Zeigler in charge of his office. Plaintiff was the owner of, and had in his place of business for sale, four or five Overland cars, one of which had been used by him for several months as a "demonstrator car," that bore a dealer's certificate license. The sale price of the "demonstrator car," new, was $1,050. Its then sale value, in plaintiff's judgment, was $950. Plaintiff was absent two days longer than he had expected and was away from his office four or five days. He testified that before he left for San Francisco he had no understanding or agreement with said Zeigler about the sale of any cars, or of the car in dispute, to defendant or to any other person, and that Zeigler had no authority to sell any cars to defendant, or to any one else; that Zeigler was merely left in charge of plaintiff's place of business, to keep the same open during his absence, and for plaintiff's convenience and accommodation, and for that purpose only.

It appears that Zeigler, during plaintiff's absence, took the "demonstrator car" from the place of business and, in company with two gentlemen, drove into Douglas County, passing through the town of Minden, a distance of over fifty miles from the city of Reno, where he met with an accident to the car and was compelled to have it towed into Minden and placed in defendant's garage for repairs. It was admitted on the trial that to repair the damage would cost about $35 or $40. Two days thereafter Zeigler returned to Minden with another of plaintiff's cars, and, while in defendant's garage and in defendant's presence, removed the license certificate

plate from the damaged car and placed it upon the new car, and on the next day (Sunday) sold the damaged car to defendant for the sum of $600. The car was paid for by defendant's check, made payable to P. B. Zeigler, at his request, on the bank in Minden, which was indorsed and cashed by Zeigler at the bank on the same day. The evidence tends to show that in the transaction Zeigler represented himself to be the agent of plaintiff. Zeigler returned to Reno with the new car. On plaintiff's return from San Francisco he found his place of business closed, and Zeigler gone therefrom, and his "demonstrator car" missing. Upon inquiry and search, he learned that Zeigler had disposed of his "demonstrator car" to defendant and decamped with the money received therefor, leaving no trace of his whereabouts. Plaintiff thereupon obtained a warrant for his arrest, which, so far as the record shows, has never been executed. Within four or five days thereafter plaintiff went to Minden and made demand upon the defendant for the return of his car, which was refused, and thereafter brought this action in the district court of Douglas County to recover the possession of the car.

The defendant's evidence consists mainly of an endeavor to establish the relation of a general agency between Zeigler and plaintiff and Zeigler's authority to dispose of the car. It tends to show that plaintiff had admitted in a conversation with C. O. Dangberg, defendant's president, at a time about ten days after the transaction, that he had trusted Zeigler, and that he was selling cars for him, and had sold one at Verdi, Nevada, and had received $40 commission on the sale. This is about all the evidence tending directly to establish the relationship of the parties.

The case was tried before the court without a jury. The court's finding is to the effect that plaintiff was the owner of the automobile (describing it) ; that defendant was engaged in the automobile business; that the car was purchased by it in the ordinary course of trade for a valuable consideration from plaintiff through his

authorized agent; that the same is lawfully in its possession, and it is the owner thereof, and rendered judgment accordingly. The plaintiff appeals from the judgment, and from an order denying him a new trial.

In a case of this kind the issue is whether the defendant has lawful possession of the car. The plaintiff contends that defendant's possession is unlawful (or tortious, to use the convertible word). The court was of the opinion that it was lawful, because the car was purchased from the true owner, through his authorized agent, in the ordinary course of trade. We are here concerned with the correctness or incorrectness of the court's finding, rather than the correctness of plaintiff's position. We interpret the finding of the court to mean that Zeigler was plaintiff's agent, and had actual authority, either expressed or implied, to dispose of the car in the manner in which he did, to receive the money, and to pass title to the car.

1. It must be conceded that one who wrongfully takes goods without the owner's consent acquires no title thereby, and can convey none, by any sale or transfer he may make. So when such a taker sells the goods, even to an innocent purchaser for value, the owner may pursue his property and retake it wherever found. Wells on Replevin, sec. 309, p. 290. Conceding, then, for the purposes of this case, P. B. Zeigler to have been plaintiff's agent, if he took the car wrongfully or in violation of his trust, without plaintiff's consent, and sold it, the defendant acquired no title.

This principle is carried into our Crimes and Punishments Act (Rev. Laws, 6653), wherein it is provided that any agent, manager, or clerk of any person with whom property shall have been intrusted, who shall use or appropriate such property in any manner or for any other purpose than that for which the same was intrusted, shall be guilty of embezzlement, and shall be punished in the manner prescribed by law for the stealing or larceny of property. The lower court excluded and ignored all facts and inferences legally deducible

.therefrom tending to show that the car in controversy was taken under circumstances that might convict the taker of embezzlement. The court was evidently satisfied that, upon plaintiff's own showing, he, having left Zeigler in control of his business, impliedly intended to and did confer upon him full power and authority as his manager, representative, or agent to make sale, not only of the car in dispute, but of all or any of plaintiff's cars left in his possession and under his control. There is no evidence of an expressed intention on the part of plaintiff to authorize Zeigler to dispose of and receive money for any of his cars. If such was his intention, it is to be implied from the fact or circumstance that Zeigler was left in charge of his business. The question, therefore, is whether or not the facts and circumstances warrant the inference that there was an implied intention on the part of plaintiff to authorize Zeigler to dispose of and receive the money for the car in question, constructively under his control and in his possession.

2. Zeigler's authority, if implied at all, can only be implied, as stated, from the facts. Implied authority is not to be created by mere presumption, or any abstract considerations, however potent, that it would be expedient or convenient that the authority should exist. It must find its source in the act or acquiescence of the principal, either express or implied. It is generally conceded that implied powers and authority of an agent (constantly used synonymously) depend largely upon the circumstances in each case, and upon what is necessary or reasonable to enable him to effect the purpose of his agency. In other words, authority must be implied from the nature and needs of the business or the conduct of its principal, and it cannot be implied from mere argument or the convenience or propriety of the possession of such power by the agent. 2 Corpus Juris, sec. 218, p. 577.

3. Coming, then, to the facts of this case, we are constrained to take the view that the learned trial judge,

in deciding in opposition to plaintiff's direct and positive evidence, namely, that he did not intend to and did not clothe Zeigler with authority to make sales of his cars during his absence, was induced to do so from plaintiff's act in leaving Zeigler in charge of his business. We do not think this fact warrants such inference, and shall hold that the evidence does not support the finding that the car was purchased from plaintiff through his authorized agent in the ordinary course of trade. Dealing with an agent in the ordinary course of trade means, we take it, the usual, proper, and necessary things to be done in carrying out the business in its usual and accustomed way, and which the principal could and would usually do in like cases. Under the facts of this case, we decline to take judicial notice that the sale of the car in controversy was made in the ordinary course of trade of the automobile business as conducted by plaintiff. We are of the opinion that where a person is left in charge of an automobile business, with the specified and extremely limited authority to keep the place of business open for the owner's accommodation for a temporary period, said person is not thereby authorized to act as an agent, with authority to sell a car or cars to a rival dealer, or to any other person, for a price of $350 less than the market value for his own benefit. This act, taken in conjunction with Zeigler's conduct, was a circumstance that should have put a reasonably prudent person on inquiry as to the source and extent of his authority.

4. We are further of the opinion that under the particular facts and circumstances Zeigler was not the plaintiff's authorized agent to dispose of cars and receive the money therefor. He was left in charge of plaintiff's business for the particular purpose of keeping the same open, and not as his manager or salesman. Leaving Zeigler in charge does not warrant the inference that it was necessary, proper, and usual for Zeigler to close up plaintiff's business, take a particular car therefrom, and

dispose of it in the manner stated, receive the money therefor, and decamp, leaving no trace of his whereabouts. While the law, within certain well-defined limits, will make the principal liable for frauds perpetrated in its name by the agent, it has never been held that the principal could be made liable for the individual frauds of an agent, perpetrated on his own account. Sioux City Nursery & Seed Co. v. Magnes, 5 Colo. App. 176, 38 Pac. 330.

5. Counsel for the respondent argues that plaintiff having conferred upon Zeigler ostensible authority to dispose of the car, and defendant believing he had such authority, and that its belief was generated by the conduct of plaintiff, we should affirm the judgment, for the reason that to permit plaintiff, as against defendant, under the circumstances, to deny Zeigler's authority, would be to sanction a fraud. The difficulty with this position is that both counsel and the court took the position that Zeigler was plaintiff's authorized agent, acting with an authority actually conferred, either expressly or impliedly. We are therefore precluded from taking an opposite view, and trying the case here upon a theory different from that upon which it was tried in the lower court. The court, by its finding that defendant purchased the car through plaintiff's authorized agent, excluded from consideration principles which govern an unauthorized act of an agent, and eliminated, as we think, the doctrine of agency by estoppel from the case. If Zeigler was plaintiff's authorized agent, it was immaterial whether defendant knew of the authority and acted on the faith of it or not, because the act of the agent is the act of the principal. Holmes v. Tyner (Tex. Civ. App.) 179 S. W. 892. As the doctrine of agency by estoppel did not enter into the court's finding, we decline to inject it here for the first time on appeal.

6. It is urged that the admission or declaration of plaintiff, made shortly after the transaction, to the

effect that he trusted Zeigler, and that he (Zeigler) was selling cars for him, and had sold one at Verdi, established the fact of agency. This declaration or admission by no means conclusively proved the extent of Zeigler's authority, which is the bone of contention in this case. That Zeigler perpetrated a fraud, in no wise authorized or sanctioned by plaintiff, is indisputed. In the particular act so done by Zeigler he was not in fact the agent of the plaintiff, for no one can be the agent of another in the doing of an act which is in no wise authorized by him, or which may indeed have been done against his expressed wish. Dougherty v. Wells, Fargo & Co., 7 Nev. 368.

7.   But it is finally insisted that the case comes within the alleged maxim, which Mr. Mechem says contains only half a truth, that:

"Where one of two innocent persons must suffer by the act of a third, that one should bear the loss by whose act the loss was made possible, or who enabled the wrongful act to be committed, or who first reposed trust and confidence in the wrongdoer."

The difficulty with the application of the alleged maxim to this case is that the result of plaintiff's negligence or omission in leaving Zeigler in charge of his place of business was not one reasonably to be apprehended and guarded against. He reposed confidence and trust in Zeigler. That a previously honest agent will commit a crime is not, for example, ordinarily an act reasonably to be so anticipated. Mechem on Agency (2d ed.) sec. 1986. The plaintiff was equally as innocent of Zeigler's dishonesty as the defendant. Zeigler's misconduct was not caused by plaintiff's act. Hence the law of this state is that any agent, manager, or clerk of any person with whom property shall have been intrusted, who shall use or appropriate such property in any manner or for any other purpose than that for which the same was intrusted, shall be guilty of embezzlement, and the owner may retake it from any person in whose possession it may be found.

Entertaining the view that the evidence does not support the finding on which the judgment is based, we reverse the judgment, and remand the cause for new trial.

DUCKER, J.: I concur in the order.

COLEMAN, J., concurring:

I concur in the order of reversal. In my opinion, the evidence shows that Zeigler, if an agent at all, was one with special and exceedingly limited authority confined solely with keeping open appellant's place of business and answering inquiries during his absence. Perhaps he had the privilege of working up a prospective customer; but, if a sale resulted, it would be concluded by appellant, and all the details connected therewith would be arranged by him.

There is nothing in the conduct of Zeigler which could have justified the conclusion by the respondent that he was an agent with authority to make a sale. On the other hand, the circumstances of the case were, in my opinion, such as to put respondent on notice as to the real situation. Zeigler's selling the car for a sum ridiculously less than the regular selling price, even though it had been used to a limited extent, his insisting upon the check being made to him personally, and his conduct generally, could but arouse the suspicion of a reasonably prudent person, to say nothing of one engaged in the garage and automobile business, as was respondent; and this, too, during the absence of appellant.

"A party dealing with an agent of this class acts at his own peril, and is bound to inquire into the nature and extent of the authority actually conferred." Sioux City N. Co. v. Magnes, 5 Colo. App. 176, 38 Pac. 332.