Sharon *v.* Minnock.

---

# WILLIAM SHARON, RESPONDENT, *v.* JOHN MINNOCK, APPELLANT.

OBJECTION AS TO RIGHT TO EXECUTE DEED NOT OBJECTION AS TO EXECUTION. Where the only specification of objection to the introduction in evidence of a deed was that the alleged grantor, a corporation, had not been shown to have title: *Held*, not broad enough to cover an objection that the corporate seal had not been proved, nor any authority shown to affix it to the deed.

PARTICULAR GROUND OF EXCEPTION TO BE STATED. The particular ground of an objection or exception taken in the course of a trial is required to be stated, (Practice Act, Sec. 191) so that the court may decide intelligently upon it, and the opposite party be afforded an opportunity of obviating the objection if it be in his power to do so.

OBJECTIONS TO ADMISSION OF EVIDENCE TOO LATE AFTER EVIDENCE ADMITTED. Where a deed was admitted in evidence under insufficient objections to its val-

25

Sharon *v.* Minnock.

idity for alleged want of title in the grantor; and afterwards, on motion for non-suit, further grounds of exception on account of its alleged want of proper execution were made to it: *Held*, that the latter objections were too late and therefore not available.

FAILURE TO OBJECT TO WANT OF PROOF WHEN WAIVER OF PROOF. Where a deed purporting to be that of a corporation was permitted to be introduced in evidence, without any objection, at the time, that the seal had not been proved, nor any authority to affix it shown: *Held*, a waiver of such proof.

OBJECTIONS TO EVIDENCE TO BE MADE PROMPTLY. An objection to the admission of evidence should always be made at the earliest opportunity after the objection becomes apparent; if apparent when offered, it should be made then ; if the evidence, apparently admissible when offered, is shown by subsequent developments to be exceptionable, the objection should then be made in the form of a motion to strike out.

SPECIFICATION OF GROUNDS OF NON–SUIT. The grounds urged for a non-suit are required to be as specifically designated as any other exceptions or objections taken in the course of a trial.

DEED OF CORPORATION — PRESUMPTION OF AUTHORITY TO AFFIX SEAL. Where the seal on a deed purporting to be that of a corporation was proved, or in other words, the deed was admitted in evidence without objection for want of proof of such seal: *Held*, that the presumption followed that it had been affixed by competent authority; and that the burden of proof to show want of authority was upon him alleging such want.

ESTOPPEL IN PAIS. To constitute an estoppel in pais it is essential among other things that the party relying on it should have been influenced by the acts or silence of the other, and been caused thereby to act as he would not otherwise have acted; else he cannot complain that he was deceived to his prejudice.

ESTOPPEL MUST BE PLEADED. An estoppel cannot be proved if it be not sufficiently pleaded.

PLEADING OF ESTOPPEL IN PAIS. In pleading facts to show an estoppel in pais, it is necessary to set forth every essential element of such an estoppel; and among other things, that the party relying on it was influenced in his conduct by the acts or silence of the other.

RECORD OF DEED, CONSTRUCTIVE NOTICE OF CONTENTS TO WHOM. The record of a deed only imparts notice of the contents thereof to subsequent purchasers and mortgagees, etc., and not to persons who claim by entirely independent right or title.

ERROR WITHOUT PREJUDICE. A judgment will not be reversed on account of an erroneous instruction, if it appear that such instruction was impertinent to the issue, and did no injury to the party complaining.

PRESUMPTION OF CLAIM TO ENTIRE TRACT BY ENTRY UNDER DEED. A person entering upon a tract of land under a deed with definite boundaries, is presumed by the mere act of entry so made to intend to claim the entire tract.

FACTS PROVED AND NOT CONTROVERTED NEED NOT GO TO THE JURY. It is no error for a court in its charge to take from the consideration of the jury a fact proven by one party and not controverted by the other.

APPEAL from the District Court of the First Judicial District, Storey County.

The property, the subject of this action, is situate in the town of Gold Hill, Storey County, about a half mile northerly from the Devil's Gate Toll House. The verdict and judgment were in favor of plaintiff, for possession of the property and one dollar damages.

The action was commenced in January, 1867, and the appeal taken in December, of that year. The briefs were put in long before Judge Whitman, one of the counsel for plaintiff, took his seat upon the bench.

*Williams & Bixler*, for Appellant.

I. As there was no proof of the seal, the case is the same as though the deed had no corporate seal, but simply the private seal of the parties executing on behalf of the corporation, and consequently no presumption of authority could arise. The recital in the deed of the resolution purporting to authorize its execution, did not dispense with the necessity of proving it; nor did the fact that the deed was acknowledged before a notary public render it unnecessary to make proof of the seal or of the authority under which it was executed. In consequence of this failure of proof, the plaintiff. made out no case. (*Mann* v. *Pintz*, 2 Sandf. Ch. 271 ; *Jackson* v. *Pratt*, 10 Johns. 386 ; *Foster* v. *Shaw*, 7 Serg. & Rawle, 162 ; *Leazure* v. *Hillegas*, 7 Serg. & R. 318 ; *Angell & Ames, Corp.*, Sec. 226 and cases cited in note 6 ; *Hoyt* v. *Thompson*, 1 Selden, 334 ; *Tolman* v. *Emerson*, 4 Pick. 162 ; *Hart* v. *Stone*, 30 Conn. 94 ; *Howard* v. *Lee*, 25 Conn. 1 ; *White* v. *Skinner*, 13 Johns. 310 ; *Jackson* v. *Roberts' Executors*, 11 Wend. 425 ; *Williams* v. *Peyton's Lessee*, 4 Wheat. 77 ; *Ellis* v. *Eastman*, 32 Cal. 449 ; *People* v. *Doe*, 31 Cal. 220.)

II. The question here is not as to the admissibility of the deed itself in evidence, but as to its effect when in evidence. (*Palmer* v. *McCaffrey*, 15 Cal. 335 ; *Tyler* v. *Green*, 28 Cal. 409 ; *Landers* v. *Bolton*, 26 Cal. 293 ; *Kimball* v. *Semple*, 25 Cal. 446 ; *Gashweiler* v. *Willis*, a Cal. case not yet reported.)

III. It was error to rule out the estoppel in pais. (*Parker* v. *Kilham*, 8 Cal. 77 ; *Godeffroy* v. *Caldwell*, 2 Cal. 492 ; *McGarrity* v. *Byington*, 12 Cal. 429 ; *Wendell* v. *Van Rensellaer*, 1 John. Ch. 354 ; *Carr* v. *Wallace*, 7 Watts, 394 ; *Nixon* v. *Caices*, 28 Miss. [6 Cush.] 414 ; 3 Paige, 555 ; *Gatting* v. *Rodman*, 6 Ind. 289 ; *Hall* v. *Fisher*, 9 Barb. 30, 31 ; 6 Dunn & East, 556 ; cited in 3 Paige, 555 ; 44 Barb. 228 ; 9 Barb. 31 ; 2 Johns. 588.)

IV. The instruction that the record of the deed from Tyrrell imparted notice to defendant was error. (*McCabe* v. *Grey*, 24 Cal. 516 ; *Long* v. *Dollarhide*, 24 Cal. 227 ; 15 Cal. 132 ; 12 Cal. 377.)

V. The instruction as to the effect of the entry under the Tyrrell deed, without reference to any intent to claim the entire tract described, was error. (2 Washburn on R. P. 499 ; *Fax* v. *Hinton*, 4 Bibb. 559 ; *Thomas* v. *Harron*, 4 Bibb. 563 ; *Hicks* v. *Coleman*, 25 Cal. 131.)

*B. C. Whitman* and *W. S. Wood*, for Respondent.

I. The objections in the motion for non-suit were addressed to the lack of proof of authority to execute deed. They should have been made when the deed was offered — because, if then made, and valid, plaintiff might have been able to supply the deficiency. But as a matter of law, all proofs of the execution were practically waived, no objection of that kind having been made at the time the deed was offered. (Angell & Ames on Corporations, Secs. 223, 225, 226.)

II. There was no error in refusing to admit the testimony offered on the question of estoppel. The pleading and offer lacked one essential constituent element of estoppel, and both were defective in that they both failed to claim any direct reliance upon the act or admission of plaintiff or his grantor, action thereon by defendant, or injury from such reliance. (*Biddle Boggs* v. *Merced Mining Company*, 14 Cal. 279 ; *Davis* v. *Davis*, 26 Cal. 40 ; *Bowman* v. *Cudworth*, 31 Cal. 153 ; *Green et al.* v. *Prettyman*, 17 Cal. 401 ; *Turner* v. *Coffin*, 12 Allen, [Mass.] 401 ; *Plummer*

v. *Lord,* 9 Ib. 447 ; *Andrews* v. *Lyons,* 11 Ib. 349 ; *Fletcher* v. *Holmes,* 25 Ind. 458 : *Lucas* v. *Harl,* 5 Iowa, 415 ; *Taylor et al.* v. *Zepp,* 14 Missouri, 482 ; *Valle* v. *Clemens,* 18 Ib. 486.)

III.   The Court did not err in giving a construction too broad to the Act concerning Conveyances.   The language of the statute is clear and expressive, that the record of a deed shall " impart notice to *all persons* of the contents thereof."   The defendant occupies substantially the position of a subsequent purchaser ; he is occupying and claiming, so far as he makes any claim, from the same source of title as plaintiff.   The instruction as to the effect of entry under the deed was correct. (*Ellicott* v. *Pearl,* 10 Peters, 441.)

By the Court, LEWIS, C. J.:

This is ejectment for a tract of land situated in the County of Storey, with a complaint in the usual form.   The defendant answered, denying all the allegations of the plaintiff's pleading, except the possession by himself, and also alleged facts relied on by him as an estoppel against the plaintiff's right to recover.

Upon the trial, it was proven by the witnesses called on behalf of the plaintiff, that in the month of June, A.D. 1862, one Tyrrell had a small tract of land, embracing about seven acres, surveyed for the purpose of acquiring a title thereto ; that he set up fence posts around it, and continued to make claim to it.   The plaintiff deraigned title through Tyrrell, by deeds regularly conveying the title from him to certain third parties, some of whom erected a valuable quartz mill within the surveyed boundaries, and continued to occupy it, together with the land in its immediate neighborhood ; and finally the entire tract surveyed by Tyrrell was conveyed to plaintiff by a deed purporting to be executed by a corporation known as the Alpha Gold and Silver Mining Company.

To the introduction in evidence of this deed, objection was made by counsel for defendant, upon the ground " that it purported to convey property to which the supposed grantor, named therein, had not been shown to have title."   This objection was overruled, and the deed admitted.   The defendant still believing the deed open to objection, again upon the close of the case by the plaintiff

urged his objection upon a motion for non-suit.   Upon the ruling
of the Court, admitting the deed from the Alpha Company, and
refusing a non-suit, only one point is attempted to be sustained by
appellant in this Court, namely: that the plaintiff failed to identify
or prove the corporate seal, and the authority in the officers to exe-
cute the deed; the conclusion arrived at by counsel therefrom being
that the deed so admitted in evidence proved nothing, and conse-
quently no title was established in the plaintiff.

The ground of objection to the introduction of the deed at the
time it was offered—that is, that it was not shown that the grantor
had any title to convey—is entirely abandoned in this Court.   We
may, therefore, proceed to the inquiry whether, under the objection
thus stated, the appellant can now rely upon the failure to prove
the seal or authority for the execution of the deed, in support of the
objection.   We are satisfied he cannot.   The ground of objection,
as stated in the Court below, had no reference to, nor was it in any
wise connected with, the point now taken by counsel.   It would be
unjust to the Court below and to the opposite party, to reverse a
ruling admitting or rejecting evidence upon a ground in no way
suggested at the time of objection, and upon which the Court was
not called upon to decide.   Such practice we think clearly pro-
hibited by the following sections of the Practice Act, Sec. 190:
"An exception is an objection taken at the trial to a decision upon
a matter of law, whether such trial be by jury, court or referees;
and whether the decision be made during the formation of a jury,
or in the admission of evidence, or in the charge to a jury, or at
any other time from the calling of the action for trial to the ren-
dering of the verdict or decision.   But no exception shall be re-
garded on a motion for a new trial or an appeal, unless the excep-
tion be material, and affect the substantial rights of the parties."
Sec. 191: " The point of the exception *shall be particularly stated*,
and may be delivered in writing to the judge, or if the party re-
quire it, shall be written down by the clerk   *   *   *   *."

Here it will be observed that the particular ground of objection or
exception is required to be stated.   To what end?   Evidently, that
the Court may decide intelligently upon the legal proposition or
rule relied on, and to afford the opposite party an opportunity to ob-

viate the objection, if it be in his power to do so.   For example : in this case, had the point of objection to the introduction of the deed, now relied on by counsel, been made at the time, the objection could probably have been obviated by the necessary proof of the corporation seal.   When this requirement of the statute is not complied with, the objection will not avail.   This conclusion seems not only warranted by the Practice Act, but is the uniform rule of practice adopted by the Courts.   (*Frier* v. *Jackson*, 8 John, 496 ; *Waters* v. *Gilbert*, 2 Cush. 27.)   In *Kiler* v. *Kimball*, 10 Cal. 267, it is said : " To entitle an objection to notice, it must not only be on a material matter affecting the substantial rights of the parties, but its point must be particularly stated."   The party, as the authorities say, must lay his finger on the point of his objection to the admission or exclusion of evidence.   The appellate Court will consider objections only upon the grounds specified in the Court below (14 Cal. 549 ; 20 Johnson, 357).   Under the objection and exception taken to the admission of the deed in evidence, the point argued in this Court cannot, under the statute and rule of these cases, be considered ; because it in no wise called the attention of the Court below to the point now made, and gave it no opportunity to rule upon it.

But it is argued, if the objection and exception to the admission of the deed are not sufficiently specific, the grounds specified in support of the motion for non-suit are so.   The grounds upon which the motion was made are these.   1st. That there was a failure on the part of the plaintiff to show any right or title in himself to the premises in controversy.   2d. That plaintiff had not shown that he succeeded to the supposed title of those through whom he claimed. 3d.   That no authority was shown from the Alpha Gold and Silver Mining Company, the supposed grantor in the last mentioned deed, for the execution thereof to the plaintiff, and that no resolution was produced or shown of the said corporation or its board of trustees, authorizing or directing the execution of said deed, and that the recital of the passage of such a resolution in the deed was no proof of the passage thereof, or of its existence."

If it be admitted that these grounds are sufficiently specific to apprise the Court and the opposite party of the precise point now relied on, still it is very questionable whether it was available upon

. motion for non-suit. We are inclined to think it was not. The deed appears upon its face to be the deed of the Alpha Gold and Silver Mining Company to the plaintiff, and was offered in evidence as such. Now, what was the effect of permitting it to be introduced without making the objection that the seal had not been proven or the authority to execute it shown ? Clearly a waiver of such proof —an admission that the deed was what it purported to be, the deed of the Alpha Company. Had the objection been made when the deed was offered, that the seal had not been proven, as should have been done, it must be presumed the Court would have required proof of that fact, or excluded the instrument: but the objection was not made. What, under the circumstances, was the natural and legitimate inference ? What, but that the defendant waived the preliminary proof which he might have required. Was not his silence when he should have objected as distinct an admission that the deed was what it was claimed, and what it purported, to be, as if the admission were verbally made ? This presumption of a waiver of a right, or assent to an irregularity, from a failure to interpose objection at the proper time, is universally recognized by the Courts, and applied to every step taken in an action, from the beginning to the end. Thus, a general appearance waives all defects in the summons, and the defendant is afterwards not allowed to take advantage of them. By trying a case before the Judge, he waives his right of trial by jury. The failure to challenge at the proper time is taken to be an acceptance of an incompetent juror, and the objection cannot subsequently be made. The failure to except to the admission of incompetent testimony is held to be an assent to its admission, and proof of a fact by secondary evidence without objection precludes the right to make it at any subsequent stage of the trial. Why, then, did not the failure to object to the introduction of the deed in this case, on the ground here made, amount to an admission of the fact that the instrument was the deed of the corporation ? We are satisfied that such was the result. Can it then, with any degree of reason, be claimed that the objection could be raised after the plaintiff had closed his case, and possibly his witnesses had gone beyond his reach ? Objection to evidence must always be made at the earliest opportunity after the objection

becomes apparent.  If apparent when offered, the objection should then have been made.  If apparently admissible when offered, but it is subsequently developed that it was not, a motion should be made to strike it out when such development is made.

If, as we think, the failure to make the objection at the time the deed was offered amounted to an admission that it was the deed of the corporation, certainly a subsequent denial of that fact would not be allowed, any more than it would if expressly made.  In all the cases mentioned above, the waiver of an irregularity absolutely precludes the party from afterwards making the objection.  After a party has appeared in a manner so as to waive a defective summons, he is not allowed subsequently to take advantage of the irregularity.  So, indeed, in all cases of the waiver of a privilege or right.

If our views on this point be correct, the defendant could not upon the motion for non-suit avail himself of the failure to prove the corporation seal; unless, indeed, without such proof the plaintiff's case were not made out, which can hardly be claimed; for the deed, when once admitted without proof of the seal, as fully and completely established a conveyance from the Alpha Company to Sharon of the premises described in the instrument, as if the preliminary proof had been properly made. Proof of the seal could not add a jot or tittle to the conveyance itself.  The deed upon its face purports to be the deed of the Alpha Company; so, even if the proof of the seal was not in fact waived by the appellant, yet the deed being received in evidence and not taken from the consideration of the jury, could very properly be held to be what it purported to be.  But, as we have already said, the failure to object at the proper time was tantamount to an admission that it was the deed of the Alpha Company, and so dispensed with the proof of the seal.

However, it will be seen that that particular ground was not suggested, even on the motion; and such designation is as essential upon motion for non-suit as at any other time.  The first and second grounds are sufficiently general to include any defect or failure of proof in the plaintiff's title.  They do not in the remotest manner designate the failure to prove the corporation seal as a ground of the motion.  Still, if we are correct thus far, that would not have

been a tenable ground upon the motion, even if made; because, as we have shown, such proof was dispensed with by the admission of the deed without objection. But is their third ground available? We think not. It was evidently taken and founded on the belief that it was necessary for the plaintiff to show authority of the officers who executed the deed. The failure to show such authority was manifestly the only point sought to be raised by this ground. Yet the failure to prove the authority of the officers executing the deed does not reach the point that there was a failure to authenticate the seal. The authority to attach a seal, and the proof of the seal itself, are distinct and independent facts, requiring very different character of evidence. The seal itself might be identified or proven, whilst there might be an entire failure to establish the authority to attach it to a particular instrument. The third ground here taken simply looks to a failure in this latter particular. Hence, the particular point that the seal was not identified or proven does not appear to have been raised or taken in the Court, nor an opportunity given to rule upon it. It cannot, therefore, be made in this Court.

But is it a fact that there was a failure to prove authority to execute the deed? If so, that might entitle the appellant to a new trial upon this third ground of motion. The seal having been admitted to be the seal of the Alpha Company by the failure to object to the admission of the deed, nothing further was required; for it is a settled rule of law that the seal itself being proven, the presumption follows that it was attached by competent authority — that is, the seal proves that it was attached by proper authority, and if not so attached, the burden of showing that fact is by proof of the seal thereon upon him who relies upon the want of such authority. (See Angell & Ames on Corporations, 224.) We conclude the motion for non-suit was properly overruled by the Court below.

The second assignment of error is, that the Court erred in ruling out certain evidence offered by the defendant for the purpose of establishing an estoppel in pais against the plaintiff. The allegation in the answer under which this evidence was offered is as follows: "Defendant further says that he and his co-tenant have, at a large expense, to wit—the sum of one thousand dollars—erected

upon the premises aforesaid sluices, tanks, and other works neces-
sary to carry on their said business of mining.   That he and his
co-tenant were engaged for a considerable time in erecting and
making their said improvements; and that during the time they
were making said improvements, those through and from whom
plaintiff claims title to the land described in his complaint had full
knowledge of the same, and saw defendant and his co-tenant daily
at work upon said premises, and knew that they were making large
expenditures thereon, and knew that the defendant and his said co-
tenant in good faith believed themselves the true and rightful pos-
sessors and occupants of said premises, and that they were entitled
to hold and possess the same against all the world, except the Gov-
ernment of the United States; and under that belief were making
the expenditures and improvements aforesaid in good faith: and yet
said persons, from and through whom plaintiff claims as aforesaid,
during the whole of said time, failed and neglected to give defend-
ant or his co-tenant any notice whatever of any right or claim on
their part to said premises, or any part thereof; but on the contrary
encouraged this defendant and his co-tenant in the belief that they
were the rightful possessors and occupants of said premises."

Plaintiff contends that this allegation does not state facts suffi-
cient to constitute an estoppel, and upon that ground objected to
the proof offered under it.   The particulars in which it is claimed
to be defective are the absence of a showing that the defendant was
misled, or induced by the silence of the plaintiff's grantors to act
differently from what he would have done had he been notified of
their claims of right; and also the absence of an averment that he
and his co-tenant were in fact ignorant of the claim of the plaint-
iff's grantors.

It is not denied that if the estoppel is not sufficiently pleaded it
should not be proven; for evidence to establish facts should never
be allowed if, when proven, they would not constitute a defense.
It is only necessary, therefore, at present to ascertain whether the
facts alleged in the foregoing count of the answer constitute an es-
toppel.   Nelson, J., in the *Welland Canal Company* v. *Hathaway*,
8 Wend. 483, defines an estoppel in this way: " As a general rule
a party will be concluded from denying his own acts or admissions,

which were expressly designed to influence the conduct of another, *and did so influence it*, and when such denial will operate to the injury of the latter."

In *Dizell* v. *Odell*, 3 Hill, Judge Bronson says: " Before the party is concluded, it must appear: 1st, That he has made an admission which is clearly inconsistent with the evidence he proposes to give, or the title or claim which he proposes to set up ; 2d, *That the other party has acted upon the admission ;* and 3d, That he will be injured by allowing the truth of the admission to be disproved."

In *Carpenter* v. *Stilwell*, (11 N. Y. 61) counsel for defendant asked the Court to instruct the jury, " That if they believed the plaintiff knew that the judgment creditors had received the money and the judgment had been assigned, and that the property was advertised to be sold, and then endeavored to have the sale deferred, and did not give notice to the purchaser at the time of the sale, he is to be deemed as having acquiesced in the right to sell, and is estopped from setting up that there was no right or authority to sell." This charge the Court refused to give, and the Court of Appeals sustained the ruling, placing its decision among other grounds upon this, that " there was no showing that the purchaser in making the purchase, or the defendant Stilwell in acquiring the rights of the purchaser, *was at all influenced in his actions by the conduct or declarations of the plaintiff.*"

Chief Justice Redfield, in *Strong* v. *Ellsworth*, 26 Vt., thus defines an estoppel *in pais :* " The doctrine of an estoppel *in pais* is one which, so far at least as that term is concerned, has grown up chiefly within the last few years. But it is and always was a foundation principle in the law of contracts. It lies at the foundation of morals, and is a cardinal point in the exposition of promises, that one shall be bound by the state of facts which he *has induced another to act upon.* He who by his words or his actions, or by his silence even, intentionally or carelessly induces another to do an act which he would not otherwise have done, and which will prove injurious to him if he is not allowed to insist upon the fulfillment of the expectation upon which he did the act, may insist upon such fulfillment. And equally, if he has omitted to do any act trusting

upon the assurance of some other thus given, and which omission will be prejudicial to him if the assurance is not made good, he may insist it shall be made good."

Again, the same Court in *Wooley* v. *Edson*, 35 Vt. 218, says: " The defendants claim that the plaintiff, by reason of what he said and did at the time the oxen were attached, and taken out of his possession by the defendants, and his omission at that time to assert any title or right to the oxen in himself, is now estopped from asserting any title in himself against the defendants. A satisfactory answer to this claim is found in this, that the case fails entirely to show that the defendants, in making the attachment of the property or in the subsequent disposition of it, were in the slightest degree *influenced by what the plaintiff* said, or did, or omitted to say, or do, or that they were in any manner prejudiced thereby. In all the cases which are to be found upon this subject of equitable estoppels, or as more commonly expressed, estoppels *in pais*, this is held to be the essence and reason of the whole doctrine: that where one by his act, or statement, or conduct, has induced another to act upon it, he cannot afterwards be permitted to assert the contrary to the injury or prejudice of the party who has already acted upon the faith and in the belief created by him."

Say the Supreme Court of Massachusetts: " Now it is an essential element in such estoppel that one party has been induced by the conduct of the other party to do, or forbear doing, something which he would not, or would, as the case may be, have done but for such conduct of the other party." (6 Cush. 214.) Again, in *Morton* v. *Hodgden*, 32 Maine, 127, it is held that a disavowal by the owner of any title to personal property will not preclude him from setting up his ownership, even as against the party to whom the disavowal was made, unless the conduct of such party was influenced by it." (See also *Eldred* v. *Hazlett*, 33 Pa. 307.)

It will be observed from these cases that to constitute an estoppel *in pais* it is essential, among other things, that the party relying on it should have been influenced by the acts or silence of the other. It must appear that the acts or conduct of the party estopped caused the other to act as he would not otherwise have done, else he cannot complain that he was deceived to his prejudice. No

matter how repugnant to the rules of ethics, or how deceptive or fraudulent may be the conduct of a party, if it be not the motive, inducement or moving cause of action by another, there is no estoppel. That the person relying upon an estoppel was induced by the conduct of another to act differently from what he otherwise would have done, is a constituent element of an estoppel *in pais*, and there is no estoppel when such is not the case. What follows ? That such fact must be made to appear by the pleading. If it be an essential element of estoppel, it is necessary to plead it. If not pleaded, although the other essential facts were set out, no estoppel would be made out. This is the case here. There is not a word in the answer showing that the course pursued by the defendant was in any way influenced by the silence of the plaintiff. Nothing, from which it can be inferred even that he would not have done precisely the same thing had he been warned by the plaintiff's grantors ; nor, indeed, does it appear that he was not fully informed of their claim when he was making the improvements referred to. How is the Court to know that he would not have taken precisely the same course he did, even with a full knowledge of the claim of the plaintiff's grantors ? There is no direct allegation from which that conclusion can be drawn : and even if there be allegatioms from which such conclusion could be arrived at *arguendo*, still that would not avail, for argument by the Court to whom a pleading is submitted is not pleading. We conclude, then, that as the estoppel *in pais* relied on by the defendant was not sufficiently pleaded, or rather as the facts alleged do not constitute such estoppel, no proof could properly be admitted under it. The testimony offered under this allegation of the answer was therefore properly ruled out. The third assignment of error is founded upon the instructions given by the Court to the jury at the request of the plaintiff, namely : First, the deed in evidence from Tyrrell to Land and others is acknowledged and recorded as provided by the Act concerning Conveyances of the late Territory of Nevada, approved November 5th, 1861.

Second : "Under the provisions of said Act, such deed so recorded, from the time of filing the same with the recorder for record, imparted notice to all persons of the contents thereof." This

latter instruction was undoubtedly wrong, as claimed by counsel for appellant. The defendant was not claiming from Tyrrell and others, but entirely independent of them. In such case, the record of a deed from Tyrrell and others could not operate as notice to the defendant. Such was the construction placed upon an identical act prior to its adoption in this State. See *McCabe* v. *Gray*, 20 Cal. 516, and also 24 Cal. 227, where it is held that the record only imparts notice to subsequent purchasers and mortgagees, according to the language of the statute itself. But we are unable to see how this instruction could possibly prejudice the defendant. The notice, or want of notice, that the plaintiff or his grantors claimed the premises, could not possibly affect any claim which the defendant might make to it in the way of location; for if the plaintiff or his grantors had a title, the defendant could get none by mere location, even if he had no notice of their claim; and if they had no right, the notice of their claim of right could not affect his right to locate or take it up. Had the testimony tending to make out an estoppel been admitted, the instruction might have had a very material bearing on the case to the prejudice of the defendant. That, however, not being the case, the instruction was simply impertinent, having no bearing upon the real issues; and hence, although announcing an incorrect rule of law, still as no injury could result therefrom to the appellant, it is not such error as entitles him to a reversal of the judgment.

Lastly, it is argued the Court misdirected the jury, in charging them, that "If they believe from the evidence that Land, Steir and Company entered upon the tract of land described in the Tyrrell deed under such deed, and thereafter occupied and improved any portion of such land, the limit and extent of their possession will be defined by the boundaries contained in said deed, and they and their grantees would be entitled to hold to such boundaries as against any person not in the actual possession in good faith of such land, or a portion thereof, at the time of such entry." It is claimed that this instruction is defective in one essential particular, and in that only, that it does not state that the entry so made was with intent to claim title to the boundaries designated in the deed. The answer to this is obvious. A person entering upon a tract of land,

under a deed, with definite boundaries, is presumed by the mere act of entry so made to intend a claim to the entire tract.

There appears to have been no question whatever made on the intent of those persons to claim the entire tract under the deeds; no proof offered by the plaintiff beyond the introduction of the deed and entry under it, and no point upon the intent to claim to the boundaries designated in the deed was made by the defendant. The introduction of the deed, with proof of entry under it, as already said, raised the presumption of an intent to claim the entire tract. Whence, then, the necessity, if no point of that kind be made by the parties, of submitting the question of intent to the jury in an instruction of this kind? It was entirely unnecessary to charge that the intent to claim to the boundaries of the deed must be shown, if it were not claimed by the defendant that there was no such intent.

We do not think it error for the Court to take from the consideration of the jury in a charge a fact proven by one party, and not controverted by the other. Were the intent, therefore, to claim to the boundaries of the. deed necessary, that being proven by the plaintiff and not controverted by the defendant, it was unnecessary to submit it to the jury; but the Court could properly assume it to be an admitted fact.

No error appearing in the record, the judgment must be affirmed. It is so ordered.

WHITMAN, J., did not participate in the foregoing decision.