[No. 1198.]

GEORGE ALT. Respondent, v. CALIFORNIA FIG SYRUP COMPANY, Appellant.

Evidence—Value of Services—Expert Testimony—Opinion of Witnesses.—Plaintiff sued for the value of his services in the preparation of a proprietary medicine, the process of manufacturing it being only known to him and one other person: Held, that witnesses—not experts—might give their opinions as to the value of the services.

Deed—Construction of—Other Property—Other Things.—Plaintiff and others being the proprietors of certain medicine, and the appliances connected with its manufacture, conveyed their interest therein to the corporation defendant. At that time plaintiff was indebted to his associates for a balance due upon the purchase price of his interest. Held, that the words "all the other property" and "other things" in the clause of the deed, "and in all the other property, labels, circulars, and other things," were not intended to include plaintiff's indebtedness to the partnership; but referred to property of the nature of labels and circulars.

Appeal from the District Court of the Seventh Judicial District, Washoe County.

The facts are stated in the opinion.

Thomas E. Hayden, for Appellant:

Robert H. Lindsay, for Respondent:

By the Court, Belknap, C. J.: —

One of the objections in this case is founded upon the ruling of the district court admitting in evidence the opinions of Alt, Thayer, and Levy as to the value of the services rendered by the plaintiff in the preparation of a proprietary medicine called "Syrup of Figs." The process of manufacturing the compound is a secret known only to the plaintiff and one other person,—an officer of the defendant corporation. In their preliminary examination, the witnesses severally declared that they

were conversant with the value of labor and services generally in the community in which the work in this case was performed, and that they knew of the extent and value of the services rendered by the plaintiff.   The objection is based upon the competency of the witnesses as experts.   They do not appear to have been offered as experts.   The subject upon which they testified was, from its nature, one upon which expert testimony could not have been given.   The reason for admitting expert testimony, as stated by Chief Justice Shaw, is that the expert, from his larger experience and more exact observation of facts, and the connection between appearances and their causes or results, is able to draw correct conclusions from circumstances which a man of ordinary knowledge and experience could not do.   (*Dickenson* v. *Fitchburg*, 13 Gray, 546.)

The subject of inquiry in the present case was not beyond the knowledge of ordinary men.   But witnesses are allowed to give their opinions on questions of value, for the reason that the subject may not have fallen under the observation of the jury, and the inquiry is allowed, to prevent a failure of justice. The opinion of witnesses acquainted with the value of land was received in the case of *Swan* v. *Middlesex*, 101 Mass. 177.   In considering the competency of the evidence the court said: "These opinions are admitted, not as being the opinions of experts, strictly so called, for they are not founded on special study or training or professional experience; but rather from necessity, upon the ground that they depend upon knowledge which any one may acquire, but which the jury may not have, and that they are the most satisfactory, and often the only attainable, evidence of the fact to be proved."   (See also *Brady* v. *Brady*, 8. Allen, 101; *Anson* v. *Dwight*, 18. Iowa, 242; *Printz* v. *People*, 42 Mich. 144;[1] *Continental Ins. Co.* v. *Horton*, 28 Mich. 173; Whart. Ev., sec. 447; Rog. Exp. Test., sec. 153.)

Another objection is to the construction placed by the district court upon a deed made by plaintiff and others to the defendant corporation.   Prior to the incorporation of the California Fig Syrup Company, the plaintiff Alt and others were the proprietors of the medicine, and of the appliances connected with its manufacture and sale.   Alt owed his associates a balance of one thousand six hundred dollars upon the purchase price of his interest.   Upon the creation of the corporation, they all

1   36 Am. Rep. 437.

joined in a deed of conveyance to it. It is claimed that the conveyance embraces this indebtedness. The deed, in the first place, conveys certain enumerated property, and then proceeds as follows: "Also, the same undivided interest in all the machinery and means used in manufacturing said medicine, in the materials used, now belonging to them in such manufacture, in all such medicine now on hand or sold conditionally, and in the price of that sold or furnished and not yet paid for, in the bottles filled and unfilled, and in the mystery or art of compounding or manufacturing said medicine, and in all the other property, labels, circulars, and other things, rights, or interests in or relating to such medicine, now belonging to said first parties," etc.

If the indebtedness of one thousand six hundred dollars is conveyed at all, it is by the words " all the other property," and "other things." But we are of opinion that these words do not include, and were not intended to include, the indebtedness, because—*first*, the instrument of conveyance carefully designates the particular property conveyed, and so important a matter as this indebtedness would naturally have been mentioned if the intention had been to transfer it; and, *second*, the rule of construction is, that general expressions, of the nature of those quoted, used in connection with enumerated matters and things, are limited to matters and things of the same kind. Thus the words " all the other property " and " other things " refer to property of the nature of labels and circulars. The clause " rights or interests in or relating to such medicine " probably refer to the proprietary right and matters connected therewith; certainly it cannot be construed to include a debt due from Alt to the partnership. (Sedg. St. & Const. Law, 360; *St. Louis* v. *Laughlin*, 49 Mo. 562; *Grumley* v. *Webb*, 44 Mo. 444; *White* v. *Ivey*, 34 Ga. 186.)

The judgment and order of the district court are affirmed.