[No. 1539.]

MARY F. McGURN, Respondent, v. W. H. McINNIS, H. H. BECK and WILLIAM THOMPSON, Appellants.

Evidence—Substantial Conflict—Appellate Court Will Not Review. The appellate court will not weigh and will not determine which of the parties adduced a preponderance of the evidence, where the record discloses a material conflict thereof.

Practice on Appeal—Exceptions—Instructions. An instruction cannot be reviewed on appeal, where the record fails to disclose any objection made, or exception taken, thereto.

Practice—Exceptions—Point Must Be Stated at Trial. Under Gen. Stats. 3212–3215, defining an "exception" as an objection "taken at the trial" to a decision on a point of law, and providing that "the point of the exception shall be particularly stated with so much of the evidence or other matter as may be necessary to explain it," the simple reservation of an exception is not sufficient, but the point of it must be stated at the time the exception is taken, or it will be disregarded.

Appeal from the District Court of the State of Nevada, Washoe county; A. E. Cheney, District Judge:

Action by Mary F. McGurn against W. H. McInnis, H. H. Beck and William Thompson. Judgment for plaintiff. Defendants appeal. ~~Reversed.~~ Affirmed.

The facts sufficiently appear in the opinion.

*Alfred Chartz* and *William Woodburn*, for Appellants.

*F. M. Huffaker* and *Torreyson & Summerfield*, for Respondent:

I.   This appellant court will not weigh the evidence in the case, and decide which of the parties litigant, in its judgment, adduced a preponderance of evidence.   If there is a substantial conflict in the testimony, this court will not substitute its judgment for that of the jury and the trial court, even though it would have reached a different conclusion had it been the trial tribunal in the first instance.   This principle of law has been so many times reiterated that a citation of authorities in its support would be surfeiting.

II.   It is urged by appellants that the trial court erred in refusing the numerous instructions requested by them.   The record discloses the fact that appellants requested the trial court to give thirty-one instructions.   The court gave eight, and refused the others.   It will not strain the mind in the slightest degree to perceive that the instructions given by the court covered every issue in the case concerning which there was a scintilla of evidence.   It is also apparent that they embrace about all of the substance of the refused instructions.   This is a simple action in conversion, and the propriety of drowning a jury in a flood of instructions, most of which repeat the same principles of law in different language from that in which they are expressed in other instructions, is criticizable, to say the least.   Instructions should be given for the guidance of juries, and not for the purpose of entrapping or confusing.

By the Court, Massey, J.:

This action was brought by the respondent against the apellant, McInnis, sheriff of Washoe county, and the appellants, H. H. Beck and William Thompson, his indemnifiers, and judgment creditors of T. R. McGurn, husband of the respondent, for the conversion of certain personal property.   The answer denies the averments of the complaint, and sets up as affirmative matter that on the 10th day of December, 1895, judgment was rendered in the district court for Storey county against the said T. R. McGurn and in favor of the respondents, Beck and Thompson; that on the 10th day of August, 1897, execution was issued thereon and delivered to

McInnis, sheriff of Washoe county, and that thereafter the same was levied upon the property described in the complaint as the property of the judgment debtor to satisfy, in part, the said execution.

It is further averred that, prior to 1885, the said T. R. McGurn carried on, and has ever since carried on, at Virginia City, a grocery, coal and stockbroker business; that he was indebted to the appellants, Beck and Thompson, and divers other persons, at and during said time; that on the 2d day of December, 1886, while so indebted, he executed a chattel mortgage to the respondent upon all his goods and merchandise; that on the 7th day of February, 1887, he made a bill of sale to the respondent for all said goods and merchandise, and that said mortgage and bill of sale were executed for the express purpose of defrauding the appellants, Beck and Thompson.    Upon the issues made the cause was submitted to a jury, a verdict was rendered in favor of the respondent, and judgment rendered accordingly.    The appeal is taken from the judgment and an order denying appellant's motion for a new trial.

It is claimed that the evidence was insufficient to justify the verdict of the jury.    The rule, that the appellate court will not weigh and will not determine which of the parties adduced a preponderance of the evidence, and, if the record discloses a material conflict thereof, will not disturb the verdict of the jury, or the judgment of the court, is too well established to require a citation of authorities.    An examination of the record discloses evidence to support the verdict, and evidence which supports the contention of the appellants. We do not deem it necessary to burden the opinion with a citation of the names of the witnesses who gave the testimony, and the pages whereon the same may be found.    The testimony of the respondent, if believed by the jury, was sufficient.

It is contended by appellants that the trial court erred in giving instructions one and two to the jury.    If any error can be predicated upon the giving of these instructions, the appellants cannot complain of it in this court, as the record fails to disclose any objection made or exception taken to the action of the court.    The statute adopts a very liberal rule

regarding the manner of taking and saving exceptions to rulings of the trial court, but, liberal as the rule is, the appellate court cannot review alleged errors of law occurring at the trial, unless the party complaining of such errors takes some steps to preserve exceptions taken and objections made. An exception, under our statute, has been defined as an " objection taken, *at the trial*, to a decision upon a matter of law, whether such trial be by jury, court or referees, and whether the decision be made during the formation of a jury, or in the admission of evidence, *or in the charge to a jury*, or at any other time, from the calling of the action for trial to the rendering of the verdict or decision." It is further provided *that the point of the exception shall be particularly stated with so much of the evidence or other matter as may be necessary to explain it.* Other steps are required to be taken, which are not necessary to a decision of the question. (Gen. Stats. 3212–3215.)

No step was taken under the rule, so far as the record shows, to reserve any exception or objection to the giving of the instructions complained of, and there is, therefore, no question presented to the appellate court for review. (*Lobdell* v. *Hall*, 3 Nev. 520; *Sharon* v. *Minnock*, 6 Nev. 382; Ency. Plead. & Prac. vol. 8, p. 253, *et seq.*)

The appellants asked the court to give to the jury a large number of instructions, twenty-two of which number were refused. The refusal of the court is assigned as error. The statement recites that: " The following instructions asked by the defendants were refused, to which defendants duly excepted." Then follows a copy of the instructions. The point of the exception is not particularly stated, as required by the rule cited above. This court, in discussing the section of the statute in which the rule is found, say: " Here it will be observed that the particular ground of objection or exception is required to be stated. To what end? Evidently, that the court may decide intelligently upon the legal proposition or the rule relied on, and to afford the opposite party an opportunity to obviate the objection, if it be in his power to do so. For example, in this case, had the point of objection to the introduction of the deed, now relied on by counsel, been made at the time, the objection could probably have

been obviated by the necessary proof of the corporation seal. When this requirement of the statute is not complied with, the objection will not avail. This conclusion seems not only warranted by the practice act, but is the uniform rule of practice adopted by the courts."

In the case just quoted from, a deed, purporting to have been executed by a corporation, had been offered in evidence, to which objection was made upon the ground that it purported to convey property to which the grantor, the corporation, had not been shown to have title. The objection was overruled. Upon the close of the plaintiff's case, the objection was again urged upon a motion for a non-suit. The trial court overruled the motion for a non-suit, and the appellants asked this court to review and reverse the action of the lower court, urging, as reason therefor, that the deed was improperly admitted, as no proof of the corporate seal had been made, and no authority of the officers of the corporation to execute the deed shown. How much greater the reason, then, that this court should refuse to review an alleged error, when the record fails to disclose any point upon which an exception was taken. (*Sharon* v. *Minnock*, 6 Nev. 382.)

In another and later case the court say: " So far as the record shows, there was an objection, but no ground of objection was stated, and an exception was taken to the ruling admitting the evidence. The statement informs us of the grounds of exception only. We must presume then that no grounds of objections were stated. That objections thus made will not be reviewed on appeal, has been established by a series of uniform adjudications of this and other courts." (*Rosina* v. *Trowbridge*, 20 Nev. 118.)

It might be claimed that the assignment of errors contained in the statement sufficiently points out the grounds of objections to the refusal of the court to give the instructions asked. But such is not the rule of the statute. It specifically states that " an exception is an objection taken *at the trial* to a decision upon a matter of law, whether such trial be by jury, court or referees, and whether the decision be made during the formation of a jury, * * * or at any other time, *from the calling of the action for trial to the rendering of*

*the verdict or decision."* The assignment or specification of errors is never, under our practice act, made until after the rendition of the verdict, and any attempt to particularly state the point of objection in assignment could not be made within the time specified in sections 3212 and 3213, above cited. Moreover, the only purpose of the assignment of errors is to apprise the appellate court and the opposite party or his counsel of the points intended to be relied upon.

The instructions given fairly state the law upon the facts as presented under the issues made, and if the points relied on had been properly presented in the record, our conclusion would be the same.

The judgment and order appealed from will be affirmed.

### ON PETITION FOR REHEARING.

By the Court, MASSEY, J.:

The petition for rehearing presents no question other than the one decided, to wit: The sufficiency of the evidence to sustain the verdict of the jury and the judgment of the court, upon the issue made by the pleadings as to the fraudulent character of the mortgage, and the bill of sale executed in satisfaction thereof to the respondent by her husband.

The matter was fully considered by the court, and the petition will therefore be denied.